1  Todd F. Nevell, Esq., SBN: #170054
   **SCOLINOS, SHELDON & NEVELL**
2  301 North Lake Avenue, 7th Floor
   Pasadena, California  91101
3  Telephone:    (626) 793-3900
   Facsimile:    (626) 568-0930
4

5  Attorneys for Plaintiff, DONALD WOOD

6

7

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | DONALD WOOD,                        ) CASE NO.:
                                         )
12 |           Plaintiff,                ) **COMPLAINT FOR DAMAGES FOR:**
                                         )
13 |     v.                              ) **1. NEGLIGENCE**
                                         ) **2. STRICT LIABILITY**
14 | AMERICAN AIRLINES, INC., and DOES   )
   | 1 through 100, Inclusive,           )
15 |                                     ) **DEMAND FOR JURY TRIAL**
   |           Defendants.               )
16 |                                     )
   |                                     )
17 | _____)

18        Plaintiff, DONALD WOOD, alleges as follows:

19                              **NEGLIGENCE**

20        **[By Plaintiff, DONALD WOOD, against Defendants,**
                        **AMERICAN AIRLINES, INC.,**
21              **and DOES 1 through 100, Inclusive.]**

22        1.    Plaintiff, DONALD WOOD, is an individual residing in the County of Los

23 Angeles, State of California.

24        2.    At all relevant times mentioned herein defendants, AMERICAN AIRLINES, INC.,

25 and DOES 1 through 100, and each of them, were, and are now, corporations or other business

26 entities formed in the State of Delaware, operating and existing under the laws of the State of

27 California and doing business in the County of Los Angeles.

28        3.    The true names or capacities, whether individual, corporate, associate, or otherwise,

of defendants DOES 1 through 100, Inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to plaintiff as herein alleged. Plaintiff will ask leave of this court to allege their true names and capacities when the same have been ascertained.

4. At all relevant times, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his or her agent.

5. This matter concerns injuries suffered by Plaintiff due to acts by Defendant's employees during a flight from Orange County, California to Dallas, Texas.

6. This court has jurisdiction pursuant to *28 U.S.C. § 1331* in that the claims arise under a treaty of the United States, specifically, the Montreal Convention of 1999, which was ratified on July 31, 2003.

7. This court also has jurisdiction pursuant to *28 U.S.C. 1332*, in that the damages exceed $75,000 and the parties are citizens of different states.

8. Venue in the Central District of California is appropriate pursuant to *28 U.S.C. § 1391* in that the Defendant is actually engaged in business in the Central District of California, and pursuant to Art. 33 of the Montreal Convention, Plaintiff's principle and permanent residence is within the Central District and Defendants business operates within the Central District.

9. On or about May 19, 2014, Plaintiff Donald Wood, boarded American Airlines flight No. 1176 at John Wayne Airport in Santa Ana bound for Dallas Forth Worth, en route to Florida. After boarding and before take-off, Plaintiff was standing in his aisle seat (9D) when a flight attendant, Charlotte (last name unknown), an employee of Defendant, slammed the door to the overhead luggage bin onto Plaintiff's head, causing Plaintiff to suffer severe and permanent injuries.

10. Defendants, and each of them, a common carrier, owed a duty of reasonable care to

plaintiff and breached their duty of care and were negligent, careless and failed to exercise ordinary care in that they carelessly, recklessly and negligently slammed the overhead luggage bin onto Plaintiff's head.

11. As a proximate result of the negligence and carelessness of said Defendants, and each of them, Plaintiff was severely injured in his strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and emotional pain and suffering.

12. As a further proximate result of the negligence and carelessness of the defendants, and each of them, Plaintiff has incurred and will continue to incur hospital, surgical, medical and related healthcare expenses. The full amount of such expenses is not known to plaintiff at this time and Plaintiff will move to amend this Complaint to state such amount when same becomes known to him, or on proof thereof.

13. As a further proximate result of the negligence and carelessness of the defendants, and each of them, Plaintiff has incurred and will continue to incur loss of earnings, both past and future.

## STRICT LIABLITY

**[By Plaintiff, DONALD WOOD, against Defendants, AMERICAN AIRLINES, INC., and DOES 1 through 100, Inclusive.]**

14. Plaintiff refers to paragraphs 1-13 above of the first count, and repleads and reimposes said allegations as if set forth herein.

15. The Montreal Convention imposes strict liability on air carriers. Article 17 provides for carrier liability in the event of bodily injury to a passenger while on board, embarking or disembarking from the aircraft.

16. As a proximate result of the negligence and carelessness of said Defendants, and each of them, Plaintiff was severely injured in his strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and emotional pain and suffering.

17. As a further proximate result of the negligence and carelessness of the defendants, and

each of them, Plaintiff has incurred and will continue to incur hospital, surgical, medical and related healthcare expenses. The full amount of such expenses is not known to plaintiff at this time and Plaintiff will move to amend this Complaint to state such amount when same becomes known to him, or on proof thereof.

18. As a further proximate result of the negligence and carelessness of the defendants, and each of them, Plaintiff has incurred and will continue to incur loss of earnings, both past and future.

## DEMAND FOR JURY TRIAL

Plaintiff, DONALD WOOD, hereby demands trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff pray for judgment against defendants, and each of them, as follows:

1. For general damages of $1,000,000.00, or such sum as may be proven at trial, which sum is in excess of the jurisdictional minimum of this court;
2. For medical and related expenses in the sum of $100,000.00, or such other sum as may be proven at time of trial, plus prejudgment interest at the highest rate allowed by law;
3. For loss of earnings of $500,000.00 or such other sum as may be proven at trial, and loss of earning capacity according to proof, plus prejudgment interest at the highest rate allowed by law;
4. For costs of suit herein incurred;
5. For leave to amend this Complaint to conform to discovery and proof;
6. For such other and further relief as the Court may deem just and proper.

DATED: April 29, 2016

SCOLINOS, SHELDON & NEVELL

By: _____
TODD F. NEVELL
Attorneys for Plaintiff, DONALD WOOD.